1  Antonio Valla, Esq. (SBN 136256)
2  Lisa Schachne, Esq. (SBN 300499)
   Kevin Sherman, Esq. (SBN 316823)
3  Valla & Associates, Inc., P.C.
   333 Bush Street, Suite 2020
4  San Francisco, CA 94104
   Telephone: 415.856.9001
5  Fax: 415.856.9002

6
7  Attorneys for Plaintiff

8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

11  VERNICI CALDART, S.R.L.,              Case Number: **'23CV1629 AJB  AHG**

12
              Plaintiff,                  **COMPLAINT FOR RECOGNITION
13                                        AND ENFORCEMENT OF FOREIGN-
         vs.                              COUNTRY MONEY JUDGMENT**
14
    PROLINK MATERIALS LLC,
15
16            Defendant.
17

18
19       Pursuant to Cal. Civ. Proc. Code § 1718(a), Plaintiff Vernici Caldart S.r.l., ("Vernici"), an

20  Italian limited liability company, sues Defendant Prolink Materials LLC ("Prolink"), a California

21  limited liability company, and alleges as follows:

22                          **JURISDICTION AND VENUE**

23       1.      Plaintiff Vernici Caldart S.r.l., a company organized under the laws of Italy, is a

24  citizen of Italy, and does business in and has its principal place of business in Bellusco (MB),

25  Italy.

26       2.      Defendant Prolink Materials LLC, a limited liability company incorporated under

27  the laws of California, is a citizen of California, and has its principal place of business in Poway,

28  San Diego County, California.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

3.      The District Court has jurisdiction over this civil action pursuant to 28 USC § 1332(a) based on amount and diversity. The amount of the lawsuit exceeds $75,000. The locations of the parties' businesses are in Bellusco (MB), Italy and Poway, California, respectively.

4.      The venue and personal jurisdiction in this District is based on 28 USC § 1391 because Prolink is a limited liability company with its principal business office in California at 12150 Dearborn Pl, Poway, CA 92064.

## PARTIES

5.      Plaintiff Vernici Caldart S.r.l. is an Italian limited liability company with its primary place of business in Via Industria 21, 20882 – Bellusco (MB), Italy. Vernici's primary business consists of manufacturing and distributing high-tech industrial paints and enamels.

6.      Defendant Prolink Materials, LLC is a California limited liability company with its primary place of business in Poway, San Diego County, California. Prolink manufactures and distributes high performance coatings for composites, plastics, and metals.

## FACTUAL ALLEGATIONS

7.      Vernici and Prolink entered into a sale of goods whereby Vernici would provide Prolink with product in exchange for payments pursuant to invoices issued by Vernici.

8.      Pursuant to this relationship, Vernici delivered its product to Prolink along with invoices with the expectation that Prolink would make payments pursuant to those invoices.

9.      Vernici issued a total of nineteen (19) invoices to Prolink with the first invoice issued to Prolink on May 18, 2018. Each of the invoices have a six (6) month due date that is calculated from the date the invoice was issued. The last and nineteenth (19th) invoice was issued on February 6, 2020 with a May 31, 2020 due date. In total, these nineteen (19) invoices amounted to €347,973.64 ("Total Amount Owed").

10.      Prolink Materials LLC breached by failing to pay the amount of €319,294.64, the total amount owed pursuant to all of the nineteen (19) invoices.

11.      Vernici has repeatedly demanded payment from Prolink, which Prolink has acknowledged their failure to pay as well as the Total Amount Owed to Vernici.

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

12.     Specifically, on or about August 28, 2020, Prolink acknowledged the Total Amount Owed and stated it is unable to pay the Total Amount Owed and requested a monthly payment plan.

13.     Additionally, on or about October 8, 2020, Prolink reiterated its inability to make a full payment on the Total Amount Owed and again requested a payment plan.

14.     On or about November 21, 2021, Vernici sent another demand for immediate payment of the Total Amount Owed, but Prolink made no partial or full payment to this demand.

15.     Between November 21, 2021 and April 8, 2022, Prolink made various promises that it would make payment.

16.     Upon information or belief, on or about April 8, 2022, Prolink arranged a partial payment of $31,145.00 (€28,676.00 pursuant to the exchange rate at that time)("Partial Payment") that was inadvertently sent to a third party, not Vernici. Vernici notified Prolink that the payment was never received. To date, Vernici has not received the $31,145.00 payment.

17.     Despite not receiving the Partial Payment, Vernici applied the Partial Payment to the Total Amount Owed, which reduces the Total Amount Owed to €319,297.64, pursuant to the exchange rate at that time ("Reduced Amount Owed").

18.     Vernici has received no payments, either for the Total Amount Owed or the Reduced Amount Owed.

19.     On or about September 22 2022, Vernici filed an Appeal for an Order of Payment ("Appeal"), which is the equivalent of a complaint in the United States, against Prolink before the court of Monza, Italy, for payment of the Reduced Amount Owedc as well as related interest and costs. A true and correct copy of the Appeal for an Order of Payment is attached hereto as **Exhibit A**.

20.     In the September 22, 2022 Appeal, Italian Lawyers Roberto Luzi Crivellini and Giuliano Stasio, on behalf of Vernici Caldart S.r.l, filed a request for an injunction against Prolink to immediately pay without any deferment, the sum of €319,294.64, plus interests accrued starting

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

from the due date until the complete amount is paid up, the costs of the filing of the Appeal, €4,185.00 for attorneys' fees, the out-of-pocket costs of €634.00, as well as other amounts.

21.     The Italian Code of Civil Procedure article (section) 642 permits Vernici to bring its Appeal, which is essentially its complaint in United States civil procedure, on an ex parte basis in the Court of Monza due to the several acknowledgements of debt and risk of serious damage in the delay of payment.

22.     On or about December 5, 2022, the Court of Monza entered an Order of Payment no. 4265/2022 ("Order"), against Prolink in the amount of €319,294.64, plus interests accrued starting from the due date until the complete amount is paid up, the costs of the filing of the Appeal, €4,185.00 for attorneys' fees, the out-of-pocket costs of €634.00, as well as other amounts. The conversion rate on December 5, 2022 was $1.0497 per €1.00. A true and correct copy of the Order, along with its certified English translation, is attached hereto as **Exhibit B**.

23.     Pursuant to the December 5 2022 Order and Italian law, Prolink had sixty (60) days from date of service of the Order to either pay the full amount or oppose the Order. If there was no opposition, after the 60 days, the Order would become enforceable and definitive.

24.     Vernici Caldart S.rl. served the Appeal, the Order and the Power of Attorney, with certified English translations, on Prolink's agent for service of process, pursuant to the Hague Convention on March 24, 2023. True and correct copies of the proof of service, along with its certified English translation, are attached hereto as **Exhibit C**.

25.     Despite having been properly served, Prolink neither paid the Order for Payment against it, nor opposed the order by the sixty (60) day procedural deadline, which was Wednesday May 23, 2023 – sixty (60) days after Prolink was served pursuant to the Hague Convention. As such, the Order became final and conclusive pursuant to Italian law.

26.     Vernici wishes to enforce such judgment against Prolink in California, and therefore is seeking to domesticate the foreign judgment.

///

///

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

# FIRST CAUSE OF ACTION

**(Recognition and Enforcement of Foreign-Country Money pursuant to the Uniform Foreign-Money Judgment Act - (Cal. Civ. Proc. Code. §§ 1713, et seq.))**

27.    Vernici incorporates by reference and realleges as if fully set forth herein all previous paragraphs in the complaint.

28.    The Court of Monza's Order for Payment was duly entered in Italy and is enforceable in California pursuant to the Recognition Act §§ 1713 to 1713.8.

29.    The Order is a "foreign judgment" that is final and conclusive and enforceable under the laws of Italy, the jurisdiction in which it was rendered. Recognition Act § 1713.2.

30.    The Order was rendered under a system which provides impartial tribunals and procedures compatible with the requirements of due process of law. Recognition Act § 1713.4(a)(1).

31.    The Italian court had personal jurisdiction over Prolink pursuant to the combined provisions of Article 3 of the Italian Law 218 / 1995 and Article 5 of the Brussels Convention of 1968 (recalled by Article 3 of L 218/1995), which provide that the competent court is that of the place where the alleged obligation has been or is to be performed. In the case at hand, the obligation brought before the Italian court is that of payment, hence - according to Article 57 of the 1980 Vienna Convention (automatically applicable since Italy and the U.S. are both Signatory States) - the relevant place is where the seller has its "place of business."

32.    None of the discretionary grounds for denying recognition to a foreign judgment enumerated in § 1713.4(b) of the Recognition Act are applicable to the recognition of the Order for Payment. In the alternative, the Court should exercise its discretion under the aforementioned section, notwithstanding the existence of any such grounds.

33.    In light of the foregoing, the Order for Payment is conclusive between Vernici and Prolink pursuant to § 1713.3 of the Recognition Act and is enforceable in the same manner as the judgments of a sister state.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Valla & Associates, Inc., P.C.
333 Bush Street, Suite 2020
San Francisco, CA 94104
www.vallalaw.com

**SECOND CAUSE OF ACTION**

**(Recognition and Enforcement of Foreign-Country Money pursuant to Principles of International Comity)**

34.    Vernici incorporates by reference and realleges as if fully set forth herein all previous paragraphs in the complaint.

35.    Courts of the State of California have authority to recognize foreign judgments even in circumstances where the judgments are not covered by the Uniform Foreign-Money Judgment Act. Cal. Civ. Proc. Code § 1713.7.

36.    The Order for Payment is entitled to full recognition and enforcement pursuant to the Uniform Foreign-Money Judgment Act as well as to traditional principles of international comity as understood and applied by the courts of the United States of America and the State of California.

**PRAYER**

THEREFORE, Plaintiff Vernici respectfully demands that the Court:

1.    Recognize the foreign-country money judgment issued by the Italian Court against Defendant Prolink to render a judgment enforceable in California under Cal. Civ. Proc. Code § 1713 et seq.;

2.    For interest on the judgment in the statutory amount;

3.    For costs of suit incurred herein;

4.    For any other relief that the Court may deem just and proper.

DATED: September 5, 2023            VALLA & ASSOCIATES, INC., P.C.

Kevin Sherman, Esq.
Attorneys for Plaintiff Vernici Caldart S.r.l.

-6-
COMPLAINT FOR RECOGNITION OF FOREIGN-COUNTRY MONEY JUDGMENT

# **EXHIBIT A**

MACCHI di CELLERE
GANGEMI
studio legale
Avv. Roberto Luzi Crivellini
37121 - Verona, Via Garibaldi, 17
tel. 045.8010911 – fax 045.8036516
r.luzi@macchi-gangemi.com
avvrobertoluzicrivellini@ordineavvocativrpec.it

MACCHI di CELLERE
GANGEMI
studio legale
Avv. Giuliano Stasio
37121 - Verona, Via Garibaldi, 17
tel. 045.8010911 – fax 045.8036516
g.stasio@macchi-gangemi.com
avvgiulianostasio@puntopec.it

## COURT OF MONZA

### APPEAL FOR AN ORDER OF PAYMENT

We, the undersigned Lawyers Roberto Luzi Crivellini (Tax Code: LZCRRT71L07L781X - P.E.C.: avvrober-toluzicrivellini@ordineavvocativrpec.it) and Giuliano Stasio (Tax Code: STSGLN88A26L781R, P.E.C.: avvgiulianostasio@pec.it) of the Verona Bar, as domiciliary attorneys at their offices in 37121 Verona, Via Giuseppe Garibaldi n. 17, of **VERNICI CALDART S.r.l.**, with registered office in 20882 Bellusco (MB), Via Industria n. 0021, REA n. MB - 976051, Tax Code: 03643940152 and VAT: 00759630965, in the person of the legal representative, Mr. Paolo Caldart born in Vimercate on June 6, 1966, Tax Code: CLDPLA66H06M052O, according to the power of attorney annex to this appeal (**doc. A**)

### EXPLAIN THE FOLLOWING

1. Vernici Caldart S.r.l. has as its corporate purpose *"the design of paints, varnishes and similar coating agents, the printing of inks and mastics"* (**doc. 1**, Company Registration Report of "**Vernici Caldart**").

2. Vernici Caldart is a creditor of **Prolink Materials L.l.c.** ("**Pro-link Materials**"), a company incorporated under the laws of the United States with its registered office at 12150 Dearborn Place, Poway, CA 92064, United States, in the sum of € **347,973.64** by virtue of the following invoices:

| Invoice number | Invoice date | Due date | Total amount | Amount due | Attachment |
|---|---|---|---|---|---|
| 1377 | May 18, 2018 | October 10, 2018 | 3,744.30 € | 3,041.94 € | doc. 2 |
| 1621 | June 08, 2018 | October 10, 2018 | 3,666.00 € | 3,666.00 € | doc. 3 |
| 1622 | June 08, 2018 | October 10, 2018 | 91,526.70 € | 91,526.70 € | doc. 4 |
| 2831 | October 16, 2018 | February 28, 2019 | 49,616.00 € | 49,616.00 € | doc. 5 |
| 2917 | October 19, 2018 | February 28, 2019 | 46.80 € | 46.80 € | doc. 6 |
| 19 | January 15, 2019 | May 30, 2019 | 287.50 € | 287.50 € | doc. 7 |
| 141 | January 25, 2019 | May 30, 2019 | 10,680.00 € | 10,680.00 € | doc. 8 |
| 202 | January 26, 2019 | May 30, 2019 | 187.20 € | 187.20 € | doc. 9 |
| 220 | January 29, 2019 | June 30, 2019 | 66,799.00 € | 66,799.00 € | doc. 10 |
| 783 | March 18, 2019 | June 30, 2019 | 7,564.00 € | 7,564.00 € | doc. 11 |

| | | | | | doc. 12 |
|---|---|---|---|---|---|
| 1012 | April 05, 2019 | July 30, 2019 | 62,902.50 € | 62,902.50 € | |
| 2014 | July 05, 2019 | October 03, 2019 | 1,282.00 € | 1,282.00 € | doc. 13 |
| 2636 | September 17, 2019 | December 31, 2019 | 19,142.00 € | 19,142.00 € | doc. 14 |
| 2874 | October 05, 2019 | January 30, 2020 | 53,540.90 € | 3,540.00 € | doc. 15 |
| 2875 | October 07, 2019 | January 30, 2020 | 6,748.00 € | 6,748.00 € | doc. 16 |
| 2999 | October 23, 2019 | January 30, 2020 | 8,080.00 € | 8,080.00 € | doc. 17 |
| 3228 | November 08, 2019 | February 28, 2020 | 2,760.00 € | 2,760.00 € | doc. 18 |
| 3306 | November 18, 2019 | February 28, 2020 | 8,160.00 € | 8,160.00 € | doc. 19 |
| 318 | February 06, 2020 | May 31, 2020 | 1,944.00 € | 1,944.00 € | doc. 20 |
| **Total Amount Due** | | | | € 347,973.64 | |

3. This claimed credit is evidenced - pursuant to Article 634 of the Italian Code of Civil Procedure - by authenticated extracts from Vernici Caldart's accounting records (**doc. 21**).

4. Vernici Caldart has repeatedly demanded payment of the due sums, but without any success. We enclose the exchange of e-mail correspondence (**doc. 22**) between the parties, containing **repeated reminders and various acknowledgments of the debt** by Prolink Materials. See, for example, the e-mail dated August 28, 2020 (**doc. 22**), in which the debtor company writes:

- *"we are trying to figure out what to do with this"* (free translation in Italian: "stiamo cercando di capire cosa fare con questo" [editor note: the debt]); and further

- *"we are not in a position to pay this amount in full. Would it be possible to discuss monthly payments"* (free translation into Italian: "non siamo in grado di pagare l'intero importo. Sarebbe possibile concordare dei pagamenti mensili?").

See, also, the e-mail dated October 8, 2020 (**doc. 22**), in which the debtor company writes:

- *"We did not want to be in this situation. If we could have prevented this we would have"* (free translation into Italian: "Non volevamo trovarci in questa situazione. Se avessimo potuto evitare tutto questo, l'avremmo evitato"), and further

- *"We are trying to come up with a reasonable payment plan. What you proposed as a repayment plan is not possible. We simply cannot afford to pay 12 installments of € 31.900."* (free

2

translation into Italian: "*Stiamo cercando di trovare un piano di pagamento ragionevole*. Quello che avete proposto come piano di rimborso non è possibile. Non possiamo permetterci di pagare 12 rate da 31.900 euro."); and then

- "*Our goal would be to pay off this debt as soon as possible*" (free translation into italian: "*Il nostro obiettivo sarebbe quello di estinguere il debito il prima possibile*.").

5. In the same e-mail exchange, the debtor company also repeatedly states that it is in a **situation of extreme economic difficulty**, which jeopardizes Vernici Caldart's chance of receiving the payments due. See the e-mail dated August 28, 2020, (**doc. 22**), in which the debtor company writes:

- "*The initial problems for ProLink started when Luxotica switched coating suppliers from Pro-Link to Caldart. That resulted in an immediate loss of business.*" (free translation into Italian: "I problemi iniziali per ProLink sono iniziati quando Luxotica ha cambiato fornitore di vernici da ProLink a Caldart. *Ciò ha comportato un'immediata perdita di attività*"); and further

- "*Our company has been dramatically impacted by Covid-19. Many of our customers have shut down and we had to shut down between March and June 2020. We are working very hard to recover and to survive.*" (free translation into Italian: "La nostra azienda ha subito un impatto drammatico a causa della Covid-19. *Molti dei nostri clienti hanno chiuso i battenti* e *noi abbiamo dovuto chiudere tra marzo e giugno 2020. Stiamo lavorando duramente per riprenderci e sopravvivere*.").

See, also, the e-mail dated October 8, 2020, (**doc. 22**), in which the debtor company writes:

- "*this situation we are in is not pleasant for us*" (free translation into Italian: "*la situazione in cui ci troviamo non è piacevole* per noi"); and further

- "*The fact is that the Covid-19 pandemic and the adverse economic impact on business's like ours in the USA has been devastating. We had to shut down our business in April because all of our customers shut down*" (free translation into Italian: "Il fatto è che la pandemia di Covid-19 e *l'impatto economico negativo su aziende come la nostra negli Stati Uniti sono stati devastanti*. Abbiamo dovuto chiudere la nostra attività in aprile perché tutti i nostri clienti hanno chiuso i battenti.").

6. On November 21, 2021, Vernici Caldart - via its U.S. attorneys - sent a payment notice demanding immediate payment of the debt, but this notice also remained unsuccessful (**doc. 23**).

7. This was then followed by repeated promises of payment by Prolink Materials, which said it was ready to negotiate an installment payment plan: on April 8, 2022, it finally

3

arranged a payment of USD 31,145.00 (equal to €28,676.00, at the exchange rate of that date) (hereinafter the "**Partial Payment**"), which, however, the debtor - due to circumstances that are still unclear - sent to a bank account belonging to a third company and not to the plaintiff.

8. The plaintiff complained to Prolink Materials that it had paid incorrectly and, without prejudice to the right to ascertain what had happened, requested the debtor to pay the outstanding balance, which it did not do. The Partial Payment, **without prejudice to the right of action for the payment of this sum in separate proceedings**, is not brought here, with the result that the principal claim subject to the present claim is **€ 347,973.64 - € 28,676.00 = € 319,297.64**.

9. In light of the several acknowledgments of the debt (see point 4) and the risk of serious damage in the delay (see point 5), we request that the court before which the case is brought **authorizes the interim enforcement of the enacting injunction**, pursuant to Article 642, Paragraph 2 of the Italian Code of Civil Procedure.

10. The present dispute is subject to the **Italian jurisdiction** pursuant to the combined provisions of Article 3 of the Italian Law 218 / 1995 and Article 5 of the Brussels Convention of 1968 (recalled by Article 3 of L 218/1995), which provide that the competent court is that of the place where the alleged obligation has been or is to be performed. In the case at hand, the obligation brought before the court is that of payment, hence - according to Article 57 of the 1980 Vienna Convention (automatically applicable since Italy and the U.S. are both Signatory States) – the relevant place is where the seller has its "place of business".

11. This reconstruction was also confirmed by the **Italian Supreme Court en banc**, the "Sezioni Unite" of the "Corte di Cassazione", in the famous ruling No. 22239/2009: "Article 3(2) of Law No. 218 of May 31, 1995, in referring to the criteria established in Sections 2, 3 and 4 of Title II of the Brussels Convention of September 27, 1968, on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters to determine jurisdiction over a case in which the defendant is not domiciled in the territory of a Contracting State, refers only to the Brussels Convention and not to the subsequent Regulation 44/2001. This implies that with respect to a case concerning a sale, the special criterion of jurisdiction established by Article 1(2) of Law No. 218 of May 31, 1995, is, according to Article 5, No. 1 of the Brussels Convention, the place where the obligation sued on was or is to be performed. Since this is an international sale, the place of performance of the obligation to pay is determined according to the uniform substantive rules set forth in Article 57 of the Vienna Convention of April 11, 1980, on the International Sale of Goods."

12. Having ascertained the Italian jurisdiction, the present claim is brought before the Court of Monza, as the **competent forum** under the combined provisions of Articles 1182 of

4

the Italian Civil Code and 20 of the Code of Civil Procedure, since payment of the invoices should have been made at the Company's registered office, located in Bellusco (MB).

For these reasons, the undersigned lawyers, lawfully entitled as above

**APPLY**

to the Court of Monza, to order **Prolink Materials L.l.c.**, with registered office at 12150 Dearborn Place, Poway, CA 92064, United States, to immediately pay to **Vernici Caldart S.r.l.**, with registered office in 20882 Bellusco (MB), Via Industria n. 0021, enterprise register no. MB - 976051, Tax Code 03643940152 and VAT 00759630965, in the person of the legal representative Paolo Caldart, the sum of **€ 319,297.64**, plus default interest pursuant to Legislative Decree 231/2002 from the singular due dates to the actual satisfaction, plus the costs and fees of the warning proceedings, Lawyers' Pension Contribution and VAT as required by law and any subsequent expenses; warning, moreover, the defendant that within 60 days from the service of the injunction of payment, it may file an opposition and that, failing that, the same will become definitively executive.

In addition to the power of attorney attached sub **doc. A**, we file the following documents:

1. Chamber of Commerce Registration Report of Vernici Caldart S.r.l.
2. Copy of invoice no. 1377/2018
3. Copy of invoice no. 1621/2018
4. Copy of invoice no. 1622/2018
5. Copy of invoice no. 2831/2018
6. Copy of invoice no. 2917/2018
7. Copy of invoice no. 19/2019
8. Copy of invoice no. 141/2019
9. Copy of invoice no. 202/2019
10. Copy of invoice no. 220/2019
11. Copy of invoice no. 783/2019
12. Copy of invoice no. 1012/2019
13. Copy of invoice no. 2014/2019
14. Copy of invoice no. 2636/2019
15. Copy of invoice no. 2874/2019
16. Copy of invoice no. 2875/2019
17. Copy of invoice no. 2999/2019
18. Copy of invoice no. 3228/2019

**19.** Copy of invoice no. 3306/2019

**20.** Copy of invoice no. 318/2020

**21.** authenticated extracts of accounting records

**22.** correspondence between the Parties - acknowledgment of debt

**23.** notice of payment dated November 21, 2021

***

*For the purpose of payment of the Unified contribution for court costs [C.U.I.R.], it is hereby declared that the value of this case is €319,297.64 and that, therefore, the C.U.I.R. amounts to €607.00.*

***

*The lawyers declare that notifications and servings regarding the proceedings may be done at the certified e-mail addresses: avvrobertoluzicrivellini@ordineavvocativrpec.it or avvgiulianostasio@pec.it or at the fax number: 045.8036516.*

Verona-Monza, 22 September 2022

Roberto Luzi Crivellini, esq.

Giuliano Stasio, esq.

[electronic signature]

**POWER OF ATTORNEY**

I, the undersigned Paolo Caldart, born in Vimercate on June 6, 1966, Tax Code CLDPLA66H06M052O, as legal representative *pro tempore* of **Vernici Caldart S.r.l.**, with registered office in 20882 Bellusco (MB), Via Industria n. 0021, Chamber of Commerce registration no. MB - 976051, C.F. 03643940152 and P. IVA 00759630965, I appoint as attorneys and defenders of the company the lawyers Roberto Luzi Crivellini and Giuliano Stasio of the Verona Bar, empowering them, also severally, with every broader faculty of law inherent in the proceedings against Prolink Materials L.l.c, in every state and stage thereof, including executive phase, opposition, complaint and appellate stages, authorizing them, moreover, to demand payments, collect sums and to quiet, settle, conciliate, waive and accept-waivers of deeds, propose counterclaims, summon third parties resist interventions, resume litigation, continue litigation, refer and report oaths, make applications for suspensory relief, file counterclaims, interlocutory actions in the course of litigation, as well as to be substituted and appoint other attorneys with the same powers, elect domicile and change the election of domicile.

I hereby declare that I have received from the appointed attorneys, at the time of the appointment, the information provided for in Legislative Decree 28/2010 and that I am aware of the option of resorting to the mediation procedure before one of the bodies registered in the Special Register at the Ministry of Justice and deputed to handle the conciliation procedure and of the tax benefits provided for in Articles 17 and 20 of the aforementioned decree. I declare, pursuant to and for the purposes of the regulations in force, that I have been informed that my personal data, including sensitive data, may be used for the purposes inherent in this mandate, giving my consent to the processing of data to comply with legal obligations and the mandate conferred.

On behalf of Vernici Caldart S.r.l., I set an address for service at the office of Roberto Luzi Crivellini, esq., and Giuliano Stasio, esq., in 37121 Verona, Via Giuseppe Garibaldi No. 17.


**Vernici Caldart S.r.l.**


_____

*Paolo Caldart, legal representative*

MACCHI di CELLERE
GANGEMI
studio legale
Avv. Roberto Luzi Crivellini
37121 - Verona, Via Garibaldi, 17
tel. 045.8010911 – fax 045.8036516
r.luzi@macchi-gangemi.com
avvrobertoluzicrivellini@ordineavvocativrpec.it

MACCHI di CELLERE
GANGEMI
studio legale
Avv. Giuliano Stasio
37121 - Verona, Via Garibaldi, 17
tel. 045.8010911 – fax 045.8036516
g.stasio@macchi-gangemi.com
avvgiulianostasio@puntopec.it



## TRIBUNALE DI MONZA

### RICORSO PER INGIUNZIONE DI PAGAMENTO

I sottoscritti avv.ti Roberto Luzi Crivellini (C.F. LZCRRT71L07L781X – P.E.C.: avvrober-toluzicrivellini@ordineavvocativrpec.it) e Giuliano Stasio (C.F.: STSGLN88A26L781R, P.E.C. avvgiulianostasio@pec.it) del Foro di Verona, quali procuratori ed entrambi domiciliatari presso il proprio studio in 37121 Verona, Via Giuseppe Garibaldi n. 17, di **VERNICI CALDART S.r.l.**, con sede legale in 20882 Bellusco (MB), Via Industria n. 0021, REA n. MB - 976051, C.F. 03643940152 e P.IVA 00759630965, in persona del legale rappresentante, sig. Paolo Caldart nato a Vimercate il 6 giugno 1966, C.F. CLDPLA66H06M052O, giusta procura alle liti in calce al presente ricorso (**doc. A**)

### ESPONGONO QUANTO SEGUE

1. Vernici Caldart S.r.l. ha quale oggetto sociale *«la progettazione di colori, vernici e agenti ricoprenti similari, stampa di inchiostri e mastici»* (**doc. 1,** visura della «**Vernici Caldart**»).

2. Vernici Caldart è creditrice nei confronti di **Prolink Materials L.l.c.** (di seguito: «**Prolink Materials**»), società di diritto statunitense con sede legale in 12150 Dearborn Place, Poway, CA 92064, Stati Uniti, della somma di **€ 347.973,64** in forza delle seguenti fatture:

| Numero fattura | Data fattura | Data scadenza | Importo complessivo | Importo dovuto | Allegato |
|---|---|---|---|---|---|
| 1377 | 18/05/2018 | 30/10/2018 | 3.744,30 € | 3.041,94 € | doc. 2 |
| 1621 | 08/06/2018 | 30/10/2018 | 3.666,00 € | 3.666,00 € | doc. 3 |
| 1622 | 08/06/2018 | 30/10/2018 | 91.526,70 € | 91.526,70 € | doc. 4 |
| 2831 | 16/10/2018 | 28/02/2019 | 49.616,00 € | 49.616,00 € | doc. 5 |
| 2917 | 19/10/2018 | 28/02/2019 | 46,80 € | 46,80 € | doc. 6 |
| 19 | 15/01/2019 | 30/05/2019 | 287,50 € | 287,50 € | doc. 7 |
| 141 | 25/01/2019 | 30/05/2019 | 10.680,00 € | 10.680,00 € | doc. 8 |
| 202 | 26/01/2019 | 30/05/2019 | 187,20 € | 187,20 € | doc. 9 |
| 220 | 29/01/2019 | 30/06/2019 | 66.799,00 € | 66.799,00 € | doc. 10 |
| 783 | 18/03/2019 | 30/06/2019 | 7.564,00 € | 7.564,00 € | doc. 11 |
| 1012 | 05/04/2019 | 30/07/2019 | 62.902,50 € | 62.902,50 € | doc. 12 |
| 2014 | 05/07/2019 | 03/10/2019 | 1.282,00 € | 1.282,00 € | doc. 13 |
| 2636 | 17/09/2019 | 31/12/2019 | 19.142,00 € | 19.142,00 € | doc. 14 |
| 2874 | 05/10/2019 | 30/01/2020 | 53.540,90 € | 3.540,00 € | doc. 15 |
| 2875 | 07/10/2019 | 30/01/2020 | 6.748,00 € | 6.748,00 € | doc. 16 |
| 2999 | 23/10/2019 | 30/01/2020 | 8.080,00 € | 8.080,00 € | doc. 17 |
| 3228 | 08/11/2019 | 28/02/2020 | 2.760,00 € | 2.760,00 € | doc. 18 |
| 3306 | 18/11/2019 | 28/02/2020 | 8.160,00 € | 8.160,00 € | doc. 19 |
| 318 | 06/02/2020 | 31/05/2020 | 1.944,00 € | 1.944,00 € | doc. 20 |
| **Totale dovuto** | | | | **€ 347.973,64** | |

Firmato Da: ROBERTO LUZI CRIVELLINI Emesso Da: INFOCERT FIRMA QUALIFICATA 2 Serial#: 1694010



3. Tale credito è dimostrato – ai sensi dell'art. 634 c.p.c. – dagli estratti autentici delle scritture contabili di Vernici Caldart (**doc. 21**).

4. Vernici Caldart ha ripetutamente richiesto il pagamento delle somme dovute, senza però alcun esito. Alleghiamo lo scambio di corrispondenza (**doc. 22**) tra le parti, contenente i **ripetuti solleciti** e i **diversi riconoscimenti del credito** da parte di Prolink Materials. Si veda, ad esempio, l'e-mail del 28 agosto 2020 (**doc. 22**), nella quale la società debitrice scrive:

   - *"we are trying to figure out what to do with this"* (traduzione libera: "stiamo cercando di capire cosa fare con questo [ndr: il debito]); e inoltre

   - *"we are not in a position to pay this amount in full. Would it be possible to discuss monthly payments"* (traduzione libera: "non siamo in grado di pagare l'intero importo. Sarebbe possibile concordare dei pagamenti mensili?").

   Si veda, inoltre, l'e-mail dell'8 ottobre 2020 (**doc. 22**), nella quale la società debitrice scrive:

   - *"We did not want to be in this situation. If we could have prevented this we would have"* (traduzione libera: "Non volevamo trovarci in questa situazione. Se avessimo potuto evitare tutto questo, l'avremmo evitato"), e inoltre

   - *"We are trying to come up with a reasonable payment plan. What you proposed as a repayment plan is not possible. We simply cannot afford to pay 12 installments of € 31.900."* (traduzione libera: "Stiamo cercando di trovare un piano di pagamento ragionevole. Quello che avete proposto come piano di rimborso non è possibile. Non possiamo permetterci di pagare 12 rate da 31.900 euro."); e inoltre

   - *"Our goal would be to pay off this debt as soon as possible"* (traduzione libera: "Il nostro obiettivo sarebbe quello di estinguere il debito il prima possibile.").

5. Nel medesimo scambio di corrispondenza, la società debitrice afferma, inoltre, ripetutamente di trovarsi in una **situazione di estrema difficoltà economica**, che mette a rischio la possibilità per Vernici Caldart di conseguire i pagamenti dovuti. Si veda l'e-mail del 28 agosto 2020, (**doc. 22**), nella quale la società debitrice scrive:

   - *"The initial problems for ProLink started when Luxotica switched coating suppliers from ProLink to Caldart. That resulted in an immediate loss of business."* (traduzione libera: "I problemi iniziali per ProLink sono iniziati quando Luxotica ha cambiato fornitore di vernici da ProLink a Caldart. Ciò ha comportato un'immediata perdita di attività"); e inoltre

2

Firmato Da: ROBERTO LUZI CRIVELLINI Emesso Da: INFOCERT FIRMA QUALIFICATA 2 Serial#: 16940f0

- *"Our company has been dramatically impacted by Covid-19. Many of our customers have shut down and we had to shut down between March and June 2020. We are working very hard to recover and to survive."* (traduzione libera: "La nostra azienda ha subito un impatto drammatico a causa della Covid-19. Molti dei nostri clienti hanno chiuso i battenti e noi abbiamo dovuto chiudere tra marzo e giugno 2020. Stiamo lavorando duramente per riprenderci e sopravvivere.").

Si veda, inoltre, l'e-mail dell'8 ottobre 2020, (**doc. 22**), nella quale la società debitrice scrive:

- *"this situation we are in is not pleasant for us"* (traduzione libera: "la situazione in cui ci troviamo non è piacevole per noi"); e inoltre

- *"The fact is that the Covid-19 pandemic and the adverse economic impact on business's like ours in the USA has been devastating. We had to shut down our business in April because all of our customers shut down"* (traduzione libera: "Il fatto è che la pandemia di Covid-19 e l'impatto economico negativo su aziende come la nostra negli Stati Uniti sono stati devastanti. Abbiamo dovuto chiudere la nostra attività in aprile perché tùtti i nostri clienti hanno chiuso i battenti.").

6. In data 21 novembre 2021, Vernici Caldart – per tramite dei suoi legali americani – inviava una lettera di diffida al pagamento, intimando l'immediato pagamento del debito, ma anche tale comunicazione rimaneva senza esito (**doc. 23**).

7. Seguivano ripetute promesse di pagamento da parte di Prolink Materials, che si diceva pronta a negoziare un piano di pagamento rateale: l'8 aprile 2022 disponeva finalmente un pagamento di USD 31.145,00 (pari ad € 28.676,00, al cambio di tale data) (di seguito il **"Pagamento Parziale"**), che però la debitrice – per circostanze ancora non chiare – inviava ad un conto corrente appartenente ad una società terza e non alla ricorrente.

8. La ricorrente contestava a Prolink Materials di avere pagato male e, impregiudicato il diritto di accertare l'accaduto, intimava alla debitrice di pagare il saldo residuo, cosa che non avveniva. Il Pagamento Parziale, **impregiudicato il diritto di agire per il pagamento di tale somma in separata sede**, non viene azionato in questa sede, con la conseguenza che il credito in linea capitale oggetto della presente procedura monitoria è pari ad **€ 347.973,64 – € 28.676,00 = € 319.297,64.**

9. Alla luce dei ripetuti riconoscimenti del debito (v. punto 4) e del pericolo di grave pregiudizio nel ritardo (v. punto 5), chiediamo che il Giudice adito autorizzi **l'esecuzione provvisoria dell'emanando decreto ingiuntivo**, ai sensi dell'art. 642, comma 2° c.p.c.

10. La presente controversia è soggetta alla **giurisdizione italiana** ai sensi del combinato disposto dell'art. 3 della legge 218 / 1995 e dell'art. 5 della Convenzione di Bruxelles del 1968 (richiamata dall'art. 3 della L 218/1995), i quali prevedono che il foro competente



Firmato Da: ROBERTO LUZI CRIVELLINI Emesso Da: INFOCERT FIRMA QUALIFICATA 2 Serial#: 1684010

sia quello del luogo in cui l'obbligazione dedotta in giudizio è stata o deve essere eseguita. Nel caso di specie, l'obbligazione dedotta in giudizio è quella di pagamento, pertanto – ai sensi dell'art. 57 della Convenzione di Vienna del 1980 (automaticamente applicabile poiché Italia e USA sono entrambi Stati Firmatari) – è il luogo dove il venditore la propria "sede di affari".

11. Tale ricostruzione è stata confermata anche dalle **Sezioni Unite della Cassazione Civile**, nella famosa pronuncia n. 22239/2009: "L'art. 3, comma 2, l. 31 maggio 1995 n. 218, nel rinviare ai criteri stabiliti nelle sezioni 2, 3 e 4 del titolo II della convenzione di Bruxelles del 27 settembre 1968 sulla competenza giurisdizionale e l'esecuzione delle decisioni in materia civile e commerciale per determinare la giurisdizione su una causa in cui il convenuto non sia domiciliato nel territorio di uno Stato contraente, si riferisce unicamente alla convenzione di Bruxelles e non al successivo regolamento 44/2001. Ciò implica che rispetto ad una causa relativa ad una vendita il criterio speciale di giurisdizione stabilito dall'art. 1, comma 2, l. 31 maggio 1995 n. 218 è costituito, secondo l'art. 5 n. 1 della convenzione di Bruxelles, dal luogo in cui l'obbligazione dedotta in giudizio è stata o deve essere eseguita. <u>Trattandosi di vendita internazionale, il luogo di adempimento dell'obbligazione di pagare si determina in base alla disciplina sostanziale uniforme enunciata nell'art. 57 della convenzione di Vienna dell'11 aprile 1980 sulla vendita internazionale di beni.</u>"

12. Acclarata la giurisdizione italiana, il presente giudizio viene introdotto dinanzi al Tribunale di Monza, in quanto **foro competente** ai sensi del combinato disposto degli artt. 1182 c.c. e 20 c.p.c., dal momento che il pagamento delle fatture sarebbe dovuto avvenire presso la sede legale della Società, sita in Bellusco (MB).

Per tali ragioni, i sottoscritti procuratori, come sopra legittimati

### RICORRONO

al Tribunale di Monza, affinché ingiunga alla **Prolink Materials L.l.c.,** con sede legale in 12150 Dearborn Place, Poway, CA 92064, Stati Uniti, di pagare, immediatamente a **Vernici Caldart S.r.l.,** con sede legale in 20882 Bellusco (MB), Via Industria n. 0021, REA n. MB - 976051, C.F. 03643940152 e P.IVA 00759630965, in persona del legale rappresentante Paolo Caldart, la somma di **€ 319.297,64,** oltre interessi moratori *ex* d.lgs. 231/2002 dalle singole scadenze all'effettivo soddisfo, oltre alle spese ed alle competenze del procedimento monitorio, C.P.A. ed I.V.A. come per legge, nonché oltre alle successive occorrende, avvertendo, altresì, l'ingiunta che nel termine di 60 giorni dalla notifica dell'emanando decreto ingiuntivo potrà presentare opposizione e che, in difetto, lo stesso diverrà definitivo.

In aggiunta alla procura annessa sub doc. A, si producono:

1. visura ordinaria Vernici Caldart S.r.l.

4

Firmato Da: ROBERTO LUZI CRIVELLINI Emesso Da: INFOCERT FIRMA QUALIFICATA 2 Serial#: 1694010



2. copia FT. 1377/2018
3. copia FT. 1621/2018
4. copia FT. 1622/2018
5. copia FT. 2831/2018
6. copia FT. 2917/2018
7. copia FT. 19/2019
8. copia FT. 141/2019
9. copia FT. 202/2019
10. copia FT. 220/2019
11. copia FT. 783/2019
12. copia FT. 1012/2019
13. copia FT. 2014/2019
14. copia FT. 2636/2019
15. copia FT. 2874/2019
16. copia FT. 2875/2019
17. copia FT. 2999/2019
18. copia FT. 3228/2019
19. copia FT. 3306/2019
20. copia FT. 318/2020
21. estratto autentico scritture contabili
22. corrispondenza tra le Parti – riconoscimento del debito
23. diffida di pagamento del 21 novembre 2021

*\*\**

*Ai fini del versamento del C.U.I.R. si dichiara che il valore della presente causa è di € 319.297,64 e che, pertanto, il C.U.I.R. dovuto è pari ad € 607,00.*

*\*\**

*I procuratori dichiarano che le comunicazioni e le notificazioni relative al procedimento possono essere effettuate agli indirizzi P.E.C.: avvrobertoluzicrivellini@ordineavvocativrpec.it o avvgiulianostasio@pec.it ovvero al numero di fax: 045.8036516.*

Verona-Monza, 22 settembre 2022

avv. Roberto Luzi Crivellini

avv. Giuliano Stasio

[f.to digitalmente]

Firmato Da: ROBERTO LUZI CRIVELLINI Emesso Da: INFOCERT FIRMA QUALIFICATA 2 Serial#: 1694of0



**PROCURA ALLE LITI**

Io sottoscritto Paolo Caldart, nato a Vimercate il 6 giugno 1966, C.F. CLDPLA66H06M052O, in qualità di legale rappresentante *pro tempore* di **Vernici Caldart S.r.l.**, con sede legale in 20882 Bellusco (MB), Via Industria n. 0021, REA n. MB - 976051, C.F. 03643940152 e P. IVA 00759630965, nomino procuratori e difensori della società gli avv.ti Roberto Luzi Crivellini e Giuliano Stasio del Foro di Verona, conferendo loro, anche disgiuntamente, ogni più ampia facoltà di legge inerente il procedimento nei confronti di Prolink Materials L.l.c., in ogni suo stato e grado, *ivi* compresa la fase esecutiva, di opposizione, di reclamo ed il grado di appello, autorizzandoli, inoltre, ad esigere pagamenti, incassare somme e quietanzare, transigere, conciliare, rinunciare ed accettare rinunce agli atti, proporre domande riconvenzionali, chiamare in causa i terzi, resistere agli interventi, riassumere la vertenza, proseguirla, deferire e riferire giuramenti, avanzare richieste di sospensiva, proporre querela di falso, azioni cautelari in corso di causa, nonché a farsi sostituire e nominare altri procuratori con i medesimi poteri, eleggere domicilio e modificare l'elezione di domicilio.

Dichiaro di avere ricevuto dai procuratori nominati, al momento del conferimento dell'incarico, l'informativa di cui al D.Lgs. 28/2010 e di essere a conoscenza della facoltà di avvalermi del procedimento di mediazione avanti ad uno degli organismi iscritti al Registro Speciale presso il Ministero della Giustizia e deputati a gestire il procedimento di conciliazione e delle agevolazioni fiscali di cui agli artt. 17 e 20 del predetto decreto.

Dichiaro di essere stato informato della possibilità di ricorrere alla convenzione di negoziazione assistita da un avvocato prevista dal D.L. 132/2014, secondo le disposizioni dal medesimo D.L. 132/2014.

Dichiaro, ai sensi e per gli effetti della normativa vigente, di essere stato informato che i miei dati personali, anche sensibili, verranno utilizzati per le finalità inerenti al presente mandato, prestando il consenso al trattamento dei dati per ottemperare agli obblighi di legge e al mandato conferito.

Per conto di Vernici Caldart S.r.l., eleggo domicilio presso lo studio degli avv.ti Roberto Luzi Crivellini e Giuliano Stasio in 37121 Verona, Via Giuseppe Garibaldi n. 17.

**Vernici Caldart S.r.l.**

_____

*Paolo Caldart, legale rappresentante*

# **EXHIBIT B**

Order of Payment no. 4265/2022 of 2022/12/05

General Register no. 7528/2022

**General Register
no. 7528/2022**



### ORDINARY COURT OF MONZA

TELEMATIC ORDER OF PAYMENT

The Judge,

read the application for the granting of a payment order filed by

### VERNICI CALDART S.R.L.

found that from the documents produced the credit is certain, liquid, and collectable;

considered that the conditions provided for in Article 633 et seq. c.p.c. exist;

considered that the conditions for ordering payment without deferment do not exist;

### ORDERS

To **PROLINK MATERIALS L.L.C.** to pay to the plaintiff for the causes set forth in the appeal, within forty days from the notification

of this decree:

1. the sum of €319,297.64;

2. the interest as demanded;

3. the costs of this warning procedure, liquidated in € 4,185.00 for professional fees, € 634.00 for out-of-pockets, plus lump-sum reimbursement for overhead expenses in the amount of 15%, social security contributions and VAT as per law;

### WARNS

the ordered party that it has the right to file an opposition to this Order before this Court within the peremptory term of forty days from the service and that in default the Order will become enforceable and definitive.

Monza, November 28, 2022.

The Judge

Dr. Alessandro Longobardi





## COURT OF MONZA

### General Register no. 7528/2022 – Judge: Mr. Alessandro Longobardi

### APPLICATION FOR CORRECTION OF A CLERICAL ERROR

In proceeding no. 7528/2022 of General Register, introduced by appeal ex art. 633 c.p.c. et seq. by

**VERNICI CALDART S.r.l.**, represented by Roberto Luzi Crivellini and Giuliano Stasio, lawyers

*- appellant -*

against

**PROLINK MATERIALS LLC**

*- respondent -*

## WHEREAS

1. On September 22, 2022, the undersigned attorneys filed a remedial action for the immediate payment in favor of VERNICI CALDART S.r.l. of the sum of € 319,297.64, requesting that the Judge give the debtor - a company incorporated under U.S. law - a period of 60 days to file any opposition.

2. On November 28, 2022, the Judge issued the Order of Payment No. 4265/2022 (published on December 5), by which he ordered Prolink Materials, a U.S.-law company, to pay the sum demanded "*within **forty days** from the service of this Order*", warning "*the ordered party that it has the right to file an opposition against this Order before this Court within the mandatory period of **forty days** from the service and that if it fails to do so, the Order will become enforceable and definitive*".(emphasis added)

3. This Order, however, suffers from a clerical error in setting the time limit for the payment and for the service of the opposition: **since the debtor** Prolink Materials **is a company incorporated under U.S. law and domiciled there, the time limit for the payment of the ordered sum should** - according to Article 641, II paragraph of the Code of Civil Procedure - **be set at 60 days** (instead of 40), unless the time limit is shortened, which, however, requires the statement of "just causes" in the Order.

4. This clerical error jeopardizes the recognition and enforcement of the Order of payment in the United States of America.

5. It is also pointed out that from the information in our possession, the debtor company's position - already compromised for quite some time - has been further aggravated,

# EXHIBIT C

DELIVER TO **CUSTOMER**

TRACKING NUMBER
**103453765**

DELIVER TO:

**Tribunale di Monza**
**Piazza Giuseppe Garibaldi, 10,**
**20052 Monza MB**
**Italy**

ALL ENCLOSED DOCUMENTS:
**Proof of Service (TN: 0103453734)**

PARTNER
**Seattle Support**
633 Yesler Way
Seattle, WA 98104
206-521-9000

CUSTOMER
**Tribunale di Monza**
CUSTOMER REF
**REF-11900505**
COURT
**International Service - Hague Convention**
CASE NUMBER
**7528/2022**
CASE TITLE
**VERNICI CALDART, S.R.L. v. PROLIK MATERIALS LLC**


www.abclegal.com


0103285934
STORAGE NUMBER

Generated: 04/18/2023



# CERTIFICATE ATTESTATION

The undersigned authority has the honor to certify, in conformity with Article 6 of the Convention that the documents have been served

on the date of    **Mar 24 2023**

at the address of **12150 DEAREBORN PL, POWAY, CA 92064**

in one of the following methods authorized by Article 5:

[ × ]    (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph
of Article 5 of the Convention.

[   ]    (b) in accordance with the following method:

_____

[   ]    (c) by delivery to the addressee, who accepted it voluntarily.

The documents referred to in the request have been delivered to:
**Chad Doe, who refused to give their name, who indicated they were the person in charge. The individual accepted service with direct delivery. The individual appeared to be a white male contact 45-55 years of age, 5'8"-5'10" tall and weighing 160-180 lbs with glasses.**

In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement.

Annexes
Documents returned:
In appropriate cases, documents establishing the service:
**APPEAL FOR AN ORDER OF PAYMENT; TELEMATIC ORDER OF PAYMENT; APPLICATION FOR CORRECTION OF A CLERICAL ERROR; ENGLISH TRANSLATIONS INCLUDED**

Documents from: **Tribunale di Monza, Piazza Giuseppe Garibaldi, 10,
20052 Monza MB
Italy**

Done at Seattle, Washington on **Apr 18 2023.**

*Jeanette Straley*

Contracting Agent for the
Office of International Judicial Assistance
ABC Legal Services
633 Yesler Way
Seattle, WA 98104

ABC Legal Services
Hague Certification/Attestation





Tracking #: **0103453765**

TRIBUNALE DI MONZA-ITALY

| | | |
|---|---|---|
| **VERNICI CALDART, S.R.L.** | | Case No.:  **7528/2022** |
| | Plaintiff/Petitioner | |
| vs. | | |
| **PROLIK MATERIALS LLC** | | DECLARATION OF SERVICE OF |
| | Defendant/Respondent | **APPEAL FOR AN ORDER OF PAYMENT; TELEMATIC ORDER OF PAYMENT; APPLICATION FOR CORRECTION OF A CLERICAL ERROR; ENGLISH TRANSLATIONS INCLUDED** |

Received by **Russell Livingston**, on the **24th day of March, 2023 at 2:12 PM** to be served upon **PROLIK MATERIALS LLC** at **12150 DEAREBORN PL, POWAY, San Diego County, CA 92064.**
On the **24th day of March, 2023 at 2:15 PM**, I, **Russell Livingston, SERVED PROLIK MATERIALS LLC** at **12150 DEAREBORN PL, POWAY, San Diego County, CA 92064** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Chad Doe**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to an individual who refused to give their name who indicated they were the person in charge. The individual accepted service with direct delivery. The individual appeared to be a white male contact 45-55 years of age, 5'8"-5'10" tall and weighing 160-180 lbs with glasses.**

Service Fee Total: **$0.00**

I am a citizen of the United States, over the age of eighteen, not a party to nor interested in the above entitled action, and have the proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and accurate.

| NAME: | | | |
|---|---|---|---|
| | Russell Livingston | 2407 | 03/24/2023 |
| | | Server ID # | Date |

REF: **REF-11900505**

Tracking #: **0103453734**