UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNICI CALDART, S.R.L.,<br><br>                              Plaintiff,<br><br>vs.<br><br>PROLINK MATERIALS LLC,<br><br>                              Defendant. | Case No.: 23-cv-01629-AJB-AHG<br><br>**ORDER GRANTING EX PARTE MOTION FOR AN ORDER ALLOWING SERVICE UPON PROLINK MATERIALS, LLC THROUGH THE SECRETARY OF STATE OF CALIFORNIA**<br><br>**(Doc. No. 3)** |

Before the Court is Vernici Caldard, S.R.L.'s ("Plaintiff") ex parte motion for an ordering allowing service upon Prolink Materials, LLC ("Defendant" or "Prolink") through the Secretary of State of California. (Doc. No. 3.) In support of its request, Plaintiff filed a declaration detailing its efforts at effectuating service on Defendant. (Doc. No. 3-1.) For the reasons set forth below, the Court **GRANTS** the motion.

**I.    BACKGROUND**

On September 5, 2023, Plaintiff filed the Complaint in this action to recognize and domesticate a December 5, 2022 Italian Order of Payment (the equivalent of an American court judgment) it obtained against Defendant in a court in Monza, Italy. (Doc. No. 3-1 at 1–2.) According to Plaintiff, Defendant "is a Virginia limited liability company that has

1

been doing business in California and is duly qualified with the Secretary of State for the transaction of intrastate business in California." (*Id.* at 2.)

The California Secretary of State Website lists Patrick Joseph Walsh ("Walsh") as Defendant's Agent for Service of Process. (*Id.*) Walsh is also believed to be Defendant's Chief Executive Officer and President, as well as its last remaining employee. (*Id.*)

On September 12, 2023, Plaintiff's process server attempted service at the Poway, California address listed for Walsh on the California's Secretary of State website. (*Id.*) The process server found the building vacant, and according to a neighbor, it had been vacant for at least three months. (*Id.* at 13.)

On September 18, 2023, Plaintiff's process server attempted service at the Vienna, Virginia address listed as Defendant's principal address on the California's Secretary of State website. (*Id.* at 15.) The process server found that an elderly couple has lived in that address since the 1990s and has never heard of either Defendant or Walsh. (*Id.*)

Unable to serve Defendant at the two addresses listed on the California Secretary of State's website, Plaintiff conducted additional research—including directory, internet, and social media searches—to find a valid address for Defendant and Walsh. (*Id.* at 2–3.) Plaintiff's efforts were to no avail. (*Id.* at 3.) This ex parte application for substitute service via the California Secretary of State follows. (Doc. No. 3.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 4(h)(1)(A) allows for service on a corporation in the manner prescribed by Rule 4(e)(1) for serving an individual. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, provides that a plaintiff may serve process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

Relevant here, under California law, when a plaintiff cannot with "reasonable diligence" locate a defendant's designated agent or any other person authorized to receive service, California Corporations Code § 1702(a) permits an application for a court order

that service be made by hand delivery of the summons and complaint to the California Secretary of State.[1] The statute provides, in pertinent part:

> [I]f the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in [Cal. Civ. Proc. Code §§ 415.10, 415.20(a), or 415.30(a)] or upon the corporation in the manner provided in [Cal. Civ. Proc. Code §§ 416.10(a), (b), or (c) or 416.20(a)], the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

Cal. Corp. Code § 1702(a).

As referenced above, California Code of Civil Procedure §§ 415.10, 415.20, and 415.30 provide the rules for personal service, substitute service, and service by mail, whereas §§ 416.10 and 416.20 provide the rules for service on a corporation. In addition to delivery to a designated agent, § 416.10 provides that a summons may be served on a corporation "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(b).

"[A]s a condition precedent to the issuance of an order for such substituted service," a plaintiff's affidavit must establish that "the corporation cannot be served with the exercise of due diligence in any other manner provided by law." *Batte v. Bandy*, 165 Cal. App. 2d 527, 535 (1958).

---

[1] The Court recognizes that Plaintiff cites California Corporations Code § 2111 in support of its motion but considering the textual similarity between §§ 2111 and 1702(a), the Court applies the more exacting standard under § 1702(a) in an abundance of caution.

## III. DISCUSSION

Upon review of the affidavit in support of Plaintiff's request for alternative service, the Court finds that Plaintiff has demonstrated that substitute service upon Defendant via the California Secretary of State is appropriate because the corporation cannot be served with the exercise of due diligence in any other manner provided by law. *See* Cal. Corp. Code § 1702(a); *Batte* 165 Cal. App. 2d at 535.

First, § 415.10 permits service "by personal delivery . . . to the person to be served." Cal. Civ. Proc. Code § 415.10. Here, Plaintiff's process server attempted to serve Walsh, Defendant's registered agent for service, at the Poway, California address listed on the state website, but found the building vacant and was told it had been so for at least three months. (Doc. No. 3-1 at 2.) The process server also attempted to serve Defendant at its registered principal address in Vienna, Virginia, but found it to be the home of an elderly couple who have resided there since the 1990s and has never heard of Defendant or Walsh. (*Id.*)

In addition, Plaintiff conducted an extensive search to find a valid address at which to serve Defendant or Walsh. Plaintiff's counsel detailed in her declaration that the search included the following:

a. Searching through Prolink's social media;
b. Attempting to find Walsh on social media;
c. Conducting a widespread internet search for both Prolink and Walsh;
d. Reviewing Prolink's website;
e. Reviewing Prolink's two filed Statements of Information with the California
f. Secretary of State; and
g. Calling Prolink's business phone number and attempting to reach every individual
h. listed on the directory multiple times a day on multiple occasions.

(*Id.* at 3.)

Counsel explained that on September 21, 2023, one of her colleagues successfully reached one of the employees listed on Defendant's telephonic directory but was informed that he had not been employed by Defendant for over a year, that the appropriate person to

1  contact was Walsh, and that he did not have Walsh's current contact information because
2  Walsh had recently changed it all. (*Id.*)

3  Based on the foregoing, the Court finds Plaintiff's unsuccessful attempts at personal
4  service and locating a valid address for Defendant and Walsh are sufficient to show process
5  cannot be accomplished with reasonable diligence by personal delivery under § 415.10.
6  *See Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992) ("[T]wo or three
7  attempts at personal service at a proper place should fully satisfy the requirement of
8  reasonable diligence and allow substituted service to be made.").

9  Second, § 415.20(a) permits alternative service by first "leaving a copy of the
10 summons and complaint during usual office hours in his or her office or, if no physical
11 address is known, at his or her usual mailing address . . . with the person who is apparently
12 in charge thereof" and then "mailing a copy of the summons and complaint by first-class
13 mail, postage prepaid to the person to be served at the place where a copy of the summons
14 and complaint were left." Cal. Civ. Proc. Code § 415.20(a). As discussed above, when
15 attempting to serve the business address or Walsh's address, Plaintiff's process server
16 discovered there was no business or Walsh there. (Doc. No. 3-1 at 2.) Thus, Plaintiff has
17 demonstrated service cannot be accomplished according to § 415.20(a).

18 Third, § 415.30(a) permits service of the summons and complaint by mail with a
19 return envelope, prepaid postage. Cal. Civ. Proc. Code § 415.30(a). Plaintiff has
20 sufficiently shown that Defendant cannot be served under this section because the
21 registered address for Defendant's agent for service has been vacant for at least three
22 months and the registered principal address for Defendant is not a business address, but
23 rather, the home of an elderly couple who have no knowledge of Defendant or Walsh.
24 (Doc. No. 3-1 at 2.) The Court thus finds Plaintiff has demonstrated service cannot be
25 accomplished according to § 415.30(a).

26 Fourth, § 416.10 permits service on a corporation by serving the registered agent for
27 service of process or specified officers of the corporation. Cal. Civ. Proc. Code § 416.10(a);
28 *id.* § 416.10(b) (authorizing service to "the president, chief executive officer, or other head

of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process"). As previously noted, Walsh is Defendant's registered agent for service of process, and Plaintiff's counsel attests that he is believed to be Defendant's Chief Executive Officer and President, as well as its last remaining employee. (Doc. No. 3-1 at 2.) Accordingly, as analyzed above, Plaintiff has demonstrated that despite the exercise of reasonable diligence, it cannot effectuate service under § 416.10.[2]

Fifth, § 416.20(a) prescribes service on a corporation that "has forfeited its charter or right to do business" or "dissolved." Cal. Civ. Proc. Code § 416.20(a). Counsel attests that Defendant "is duly qualified with the Secretary of State for the transaction of intrastate business in California." (Doc. No. 3-1 at 2.) There is no indication that Defendant has formally dissolved or forfeited its charter or right to do business. The Court thus finds service under this section inapplicable here.

## IV. CONCLUSION

For the foregoing reasons, the Court is satisfied that Plaintiff is entitled to proceed via alternative service. Accordingly, Plaintiff's ex parte motion to serve Defendant Prolink Materials, LLC through the California Secretary of State is **GRANTED**. (Doc. No. 3.) Plaintiff is directed to file proof of such service no later than December 4, 2023.

**IT IS SO ORDERED**.

Dated: October 11, 2023

Hon. Anthony J. Battaglia
United States District Judge

---

[2] The Court does not analyze service under § 416.10(c) because it applies only "[i]f the corporation is a bank." Cal. Civ. Proc. Code § 416.10(c). Defendant is not a bank. (Doc. No. 1, Compl. at 2 (Defendant "manufactures and distributes high performance coatings for composites, plastics, and metals.").)